1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALTOTECH II, LP,                                    No. 04-1464 SBA

    Plaintiff,                                      **ORDER**

    vs.

OPTIVA, INC., et al.,

    Defendants.
_____/

    This matter comes before the Court on Defendant Optiva, Inc.'s Motion to Dismiss and Defendant Pavel Lazarev's Motion to Dismiss.  Having read and considered the arguments presented by the parties in their moving papers, the Court finds that it would benefit from supplemental briefing.

    In its previous order granting Defendants' consolidated Motion to Dismiss, the Court stated that:

> Altotech alleges that in connection with the Series C Financing, Optiva represented in each of these documents and confirmed verbally [certain misrepresentations]. . . .  AltoTech, however, does not identify the actual provisions in each document that support these allegations.  Nor does it identify the verbal confirmations made on or around the time of the signing of the documents.  Thus, AltoTech has failed to plead its claims with the particularity required by both Fed.R.Civ.P. 9(b) and the PSLRA.

(Order Dismissing Complaint [Docket No. 33] ("Order").)  Throughout the First Amended Complaint ("FAC") Plaintiff quotes a number of provisions from various documents and attempts to identify verbal

1  confirmations relating to those documents.  However, Plaintiff does not link those provisions to the actual

2  misrepresentations it alleges.  Moreover, although invited to do so in response to the Motions to Dismiss,

3  Plaintiff's Opposition instead simply quotes various provisions of various documents and asserts that

4  Plaintiff has therefore complied with the Court's previous Order.

5       However, that Plaintiff has cited certain provisions in the FAC does not relieve it of the obligation to

6  assert the connection between those provisions and its claims in opposition to the Motions to Dismiss.

7  Plaintiff's failure to address Defendants' arguments in this regard apparently leaves it to the Court to hunt

8  through Plaintiff's 197 allegations in search of the provision that matches up to each of Defendants'

9  numerous alleged misrepresentations and the factual support for those misrepresentations.  The purpose of

10 briefing is to enable the Court to evaluate the arguments made by the parties to determine whether the

11 requested relief is appropriate.  Ordinarily, the failure to adequately oppose could result in simply granting

12 the requested relief.  However, because the Court is concerned that the FAC may sufficiently allege

13 actionable misrepresentations, and because Plaintiff obviously misinterpreted the Court's previous Order,

14 the Court grants Plaintiff one final opportunity to respond to the Motions to Dismiss.

15      Accordingly, it is HEREBY ORDERED THAT Plaintiff is to file a sur-reply, specifically addressing

16 the arguments regarding the fraud claims raised in both Motions to Dismiss.  In particular, Plaintiff is to

17 identify how each of the provisions of the documents it cites and each of the verbal confirmations

18 correspond to the misrepresentations or omissions it alleges, and the facts it alleges in support.  The sur-

19 reply should contain paragraph citations to the FAC, and should not include block citations to numerous

20 paragraphs (*e.g.*, "¶¶ 82-106").  Plaintiff's consolidated sur-reply shall be filed no later than May 24, 2005,

21 and shall not exceed 15 pages.

22      Defendant Lazarev and Defendant Optiva are hereby granted leave to file a response to the sur-

23 reply.  While the Court would prefer a consolidated response, the Court is aware that Lazarev and Optiva

24 are represented by different counsel.  Thus, if Lazarev and Optiva file a consolidated response, it shall not

25 exceed 15 pages and shall be filed no later than June 7, 2005.   If a consolidated response is not possible,

26 each Defendant may file a response no later than June 1, 2005, that shall not exceed 7 pages each.

27 //

28

**United States District Court**
For the Northern District of California

2

IT IS FURTHER ORDERED THAT the May 17, 2005 hearing on the Motions to Dismiss and the

Case Management Conference are CONTINUED TO June 28, 2005, at 1:00 p.m.

       IT IS SO ORDERED.

Dated: 5-9-05                  /s/ Saundra Brown Armstrong

                                 SAUNDRA BROWN ARMSTRONG
                                 United States District Judge

United States District Court

For the Northern District of California